UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**THERESA BOSCHEE**, and all others similarly situated,

Plaintiff,

vs.

**BURNET TITLE, INC.**,

Defendant.

---

No. 00-CV-194 (DWF/AJB)

**STIPULATION AND**
**PROTECTIVE ORDER**

**THE COURT HEREBY DIRECTS** that this Protective Order ("Order") be entered in this action pursuant to Fed.R.Civ.P. 26 and the stipulation of the parties. The purpose of this Order is to safeguard the confidentiality of certain proprietary and confidential documents and information that the parties may be called upon to produce during the course of the action.

1. "Confidential Materials" subject to protection under this Order shall be the documents and information designated as "CONFIDENTIAL" in accordance with paragraphs 2 and 3 of this Order. The following are entitled to designation as Confidential Materials:

(a) All documents and other things produced or otherwise disclosed by any party, including all copies thereof;

(b) All interrogatory answers, discovery responses, affidavits, or

FILED APR 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appendices or exhibits thereto, including all copies thereof; and

(c) All testimony given in this action by any person, whether by deposition or otherwise, including all transcript copies thereof.

2. Confidential Materials in documentary form shall be designated by writing or stamping "CONFIDENTIAL" on the documents at or prior to the time that the documents are produced or exchanged. In lieu of marking originals of the documents, the producing party may mark the copies that are produced or exchanged. In the event that the producing party inadvertently fails to designate a document as "CONFIDENTIAL" prior to its production, the producing party may subsequently make such designation by notifying the opposing party in writing as soon as practicable. Upon receiving such written notice, the opposing party shall place the appropriate "CONFIDENTIAL" designation on the document and shall treat it as subject to this Order.

3. Confidential Materials in the form of testimony shall be so designated by counsel on the record prior to the time that the deposition, hearing or other proceeding is adjourned, or in writing within thirty (30) days of counsel's receipt of the transcript of the deposition, hearing or other proceeding. The questions and answers designated by counsel as pertaining to Confidential Materials shall be transcribed separately from the remainder of the deposition, hearing or other proceeding. The portions of transcripts designated as including Confidential Materials shall be retained by counsel, unless filed in this Court, in which event they shall be filed under seal in an envelope which includes on its face the statement set forth in paragraph 8 of this Order.

4. Confidential Materials shall not be given, shown, made available,

communicated, or disclosed by anyone other than the party producing the Confidential Materials to persons or entities other than:

(a) The attorneys of record in this action, their associated attorneys, legal assistants, and staff members working on the action;

(b) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(c) Officers and employees of the parties to this action who are actively assisting counsel in the preparation and trial of this action;

(d) The Court, in accordance with paragraphs 8 and 9 of this Order;

(e) Deposition witnesses who are employees of a party;

(f) Independent consultants and/or experts retained by a party to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Materials, he must read a copy of this Order and agree in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order; and

(g) Such persons as the undersigned counsel shall mutually consent to in writing prior to the proposed disclosure.

5. Confidential Materials shall be used solely for the preparation, trial, appeal, and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever. Furthermore, no person or entity shall give, disclose, make available, or communicate Confidential Materials to any person or entity not expressly authorized by this Order to receive respectively such Confidential Materials. A party's use for any purpose of

her/its own documents and other information which she/it produces or discloses in this action shall not be considered a violation of this Order.

6. Counsel for any party may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Materials. Confidential Materials shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order.

7. Any court reporter or transcriber who reports or transcribes testimony in this action that is designated as "CONFIDENTIAL" shall agree that such testimony is and shall remain confidential, that such testimony shall not be disclosed by such reporter or transcriber except to counsel and any other persons who are present while such testimony is being given, and that any transcript, reporter's notes or any other transcription records shall be held in absolute confidentiality and safekeeping by such reporter or transcriber.

8. Unless otherwise ordered by the Court, or agreed to by the parties, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto, containing, paraphrasing, summarizing, or quoting Confidential Materials hereafter filed with the Court shall be filed with the Court in a sealed envelope or other suitable container with a cover label bearing the caption of the action, the title of the document, and a statement substantially in the following form:

**FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**
This envelope contains CONFIDENTIAL material encompassed by a STIPULATED PROTECTIVE ORDER and is not to be opened nor the contents thereof displayed or revealed except by Order of this Court.

9. If, at the time of trial or in connection with any hearing, counsel for any party intends to introduce any Confidential Materials produced by another party, he shall so inform the Court and counsel for the producing party as far in advance as possible, and the Court may take such steps, at the request of the producing party or on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Materials.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if the parties consent to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

11. Within 60 days after the final termination of the action, including all appeals, all Confidential Materials, all copies of the same, and all excerpts therefrom, shall be returned to the producing party or destroyed; provided, however, that counsel for the parties may retain for their files a copy of any pleadings, memoranda, affidavits, orders, transcripts, discovery responses, and work product containing or reflecting Confidential Materials.

12. This Order is without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served. Upon motion duly noticed and served, any party may seek judicial review of any confidentiality designation made pursuant to paragraphs 2 or 3 above. Should judicial review of any confidentiality designation be sought, the burden of establishing that an item designated as "CONFIDENTIAL" remains "CONFIDENTIAL" is on the party making the designation.

13. The Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

**STIPULATION**

The undersigned counsel for the parties hereby stipulate to entry of this Protective Order.

Date: April 27, 2000.

**ZIMMERMAN REED P.L.L.P.**

By ________________________
Barry G. Reed (#90056)
Hart L. Robinovitch (#240515)
Suite 100
901 North Third Street
Minneapolis, MN 55401
Telephone: (612) 341-0400

Attorneys for Plaintiff.

Date: April 25, 2000.

**FAEGRE & BENSON LLP**

By ________________________
Wendy J. Wildung (#117055)
Brian W. Hayes (#294585)
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 336-3000

\- and -

**FOLEY & LARDNER**
Jay N. Varon
Suite 500
3000 K Street
Washington, D.C. 20007-5109
Telephone: (202) 672-5300

Attorneys for Defendant.

M2:20307532.01

**ORDER**

Upon the foregoing Stipulation,

**IT IS SO ORDERED.**

4/27/00

Arthur J. Boylan
United States Magistrate Judge

M2:20307532.01

**AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the District of Minnesota in File No. 00-CV-194 (DWF/AJB) pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential Materials" under the terms of said Protective Order, any document or information designated as or constituting "Confidential Materials" or any copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any "Confidential Materials" disclosed to me solely for the purpose of the action and for no other purpose.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing said Protective Order.

Date: ________________.

Signature: ______________________________

______________________________
Type or Print Name

M2:20307532.01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.