**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**THERESA BOSCHEE,**

and all others similarly situated,

Plaintiff,

v.

**BURNET TITLE CO.,**

Defendant.

Civil No. 00-194 (JNE/JGL)

**ORDER**

APPEARANCES

Gordon Rudd, Jr., and David M. Cialkowski, Esqs., for Platintiff Boschee

Wendy J. Wildung, Esq., for Defendant Burnet Title Co.

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on September 10, 2003 on Defendant Burnet Title Co.'s Motion for a Protective Order (Doc. No. 84) and Plaintiff Boschee's Motion to Compel Outstanding Discovery (Doc. No. 91). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED SEP 2 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

Plaintiff Boschee refinanced the mortgage on her home on November 1, 1999. Burnet Title, Inc., ("Burnet") handled Boschee's closing and issued title insurance to Boschee's lender. On January 26, 2000, Boschee commenced this action on her own behalf and on behalf of a class of all persons similarly situated. In her Amended Complaint, Boschee challenged three of the fees she paid to Burnet at closing: (1) a plat/inspection report fee of $60, (2) an assessment fee of $30, and (3) courier fees of $25 each, alleging that Burnet did not provide any independent services for the fees. Boschee's Complaint included claims arising under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(b), in addition to claims under the Minnesota Consumer Fraud Act, Minn Stat. § 325F.69, the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, and a claim of conversion. (Pl.'s Compl. at 7).

The case has had a twisted and prolonged procedural history. The Honorable Arthur J. Boylan issued a pretrial Scheduling Order on April 24, 2000, dividing discovery into two phases. Then, on February 26, 2001, the case was reassigned from the Honorable Donovan W. Frank and Judge Boylan to the Honorable James M. Rosenbaum and the Honorable Franklin L. Noel. On August 2, 2001, Judge Rosenbaum certified a defined plaintiff class. As discovery was still pending, a second Scheduling Order was issued on October 2, 2001, by Judge Noel. The Eighth Circuit Court of Appeals then granted

Burnet's petition for interlocutory review of class certification. Consequently, on November 7, 2001, Judge Noel stayed all proceedings relating to classwide discovery, class member identification, and class notice pending the Eighth Circuit's decision. On January 23, 2003, the appellate court decided a collateral case, Haug v. Bank of America, N.A., which effectively quashed Boschee's RESPA claims. See Haug v. Bank of Am., N.A., 317 F.3d 832 (8th Cir. 2003). As a result, on March 31, 2003, the Eighth Circuit declined from deciding Boschee's class action issues presented on interlocutory appeal and remanded the case. On May 9, 2003, Burnet brought motions for summary judgment and to decertify the class before the Honorable Joan N. Ericksen, to whom the case had been reassigned. As of this time, those motions are still pending. Burnet then filed this Motion for Protective Order on August 15, 2003. Boschee countered by filing this Motion to Compel Outstanding Discovery on August 27, 2003. The case has not moved past the discovery stage since it was filed over two years and nine months ago.

## II. DISCUSSION

### A. Burnet's Motion for Protective Order

Burnet seeks a Protective Order halting discovery until Judge Ericksen rules on the summary judgment and class decertification motions currently before her. Courts have the inherent power to stay proceedings of an action to control the docket, conserve judicial resources, and provide for the just determination of pending cases. Landis v. North Am. Co., 299 U.S. 248,

254-55 (1936); Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990); Kemp v. Tyson Seafood Group, Inc., 19 F. Supp. 2d 961, 964 (D. Minn. 1998). Discovery is not automatically placed on hold while alternate motions are pending. Kramer v. NCS Pearson, Inc., 2003 U.S. Dist. LEXIS, at *5 (D. Minn. June 30, 2003). Rather, courts make the determination to stay proceedings in the light of the case's particular circumstances. Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980). Several factors bear upon the decision to grant a stay, forcing the court in its discretion to weigh the competing interests of the parties, the courts, and the public in an effort to maintain an equitable balance. See Landis, 299 U.S. at 254-55.

Lastly, the party moving for a stay bears the burden of establishing its need. Clinton v. Jones, 520 U.S. 681, 708 (1997); Landis, 299 U.S. at 255 ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."). One factor bearing on the need to halt proceedings in the face of other potentially dispositive motions is the likelihood of success of those motions. Very recently, a Minnesota District Court certified a class of plaintiffs with claims under Minnesota state law mirroring those brought by Boschee. See Schlink v. Edina Reality Title, No. CT 02-018380 (Minn. Dist. Ct. Sept. 9, 2003).

Burnet has not sufficiently established its need for another stay in these proceedings when considering the hardship to the plaintiff whose case

has been pending for two years and nine months. See Clinton, 520 U.S. at 708. The Court believes Boschee's state law claims to be unaffected by the Eighth Circuit's decision in Haug, or by the choice to decline review of the interlocutory appeal. Thus, the remaining state law claims likely present valid issues for class determination, creating a low probability that Burnet's motions for class decertification and summary judgment will succeed. See Schlink, No. CT 02-018380.

This Court denies Burnet's motion to stay pending resolution of motions before Judge Ericksen. Discovery occurring in the interim will likely not be gratuitous or unnecessary. Boschee's case has slumbered long enough, and she may proceed with discovery.

**B. Boschee's Motion to Compel Outstanding Discovery**

Plaintiff Boschee now moves to compel outstanding discovery of a class list, information regarding outside vendors, and certain pricing information. See Fed. R. Civ. P. 26, 27, 30, 33, 34. Pursuant to Judge Boylan's Scheduling Order, discovery in this case was to proceed in two phases, with Phase I ending upon class certification and Phase II consisting of all remaining discovery. Specifically, Boschee claims Burnet failed to fully answer Plaintiff's First Set of Interrogatories numbered 9-14; Plaintiff's Second Set of Interrogatories numbered 1-3, 7-9; Plaintiff's First Set of Requests for Production of Documents numbered 1-2, 7-9, 11-12, 15-17; and Plaintiff's Second Set of Requests for Production of Documents numbered 8, 11, 13.

Burnet primarily opposes the motion as untimely as beyond the Scheduling Order and unfounded because the discovery at issue has already been produced. Burnet contends the relevance of only one discovery item: Document Request 11 (Second Set).

**1. First Set of Interrogatories 9-11 & Second Set of Interrogatories 1-3**

Boschee's First Set of Interrogatories numbered 9-11 call for Burnet to produce a class list. Burnet recognizes that this information must be produced since this Court has denied Burnet's Motion for Protective Order. "If the Court denies that motion, Burnet concedes that it will have to use its best efforts to produce a class list in response to the Phase II discovery." (Def.'s Mem. Opp'n. Mot. Compel at 15.) Likewise, Burnet acknowledged that it must answer Interrogatories 1-3 in the Second Set pertaining to calculations of damages for individual members of the class should this Court deny Burnet's motion to stay proceedings. (Def.'s Mem. Opp'n. Mot. Compel at 18.) Boschee's Motion to Compel is therefore granted with respect to its First Set of Interrogatories numbered 9-11 and its Second Set of Interrogatories numbered 1-3.

**2. First Set of Interrogatories 11-14 & Second Set of Interrogatories 7-9**

Burnet asserts Interrogatories 11-14 in the First Set and 7-9 in the Second Set ask for information that does not exist, namely the portion of fees that Burnet forwarded to any third parties and how Burnet accounted for the

portion. Burnet avers that no such sharing of fees occurred. Since there is no evidence to the contrary, the Court must accept Burnet's representation that it has fully produced all discoverable materials in response to the interrogatories. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997). If such information does exist, however, it must be produced as there is no argument as to its relevance. Boschee's motion with regard to Plaintiff's First Set of Interrogatories numbered 11-14 and Second Set of Interrogatories numbered 7-9 is granted to the extent such information, if any, exists.

**3. First Set of Document Requests 1, 2, 17**

Burnet asserts that a number of Boschee's requests pertain to Phase I discovery, which is time-barred under Judge Boylan's Scheduling Order that non-dispositive Phase I motions be brought by October 1, 2000. Local Rules stipulate that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown." D. Minn. LR 16.3(a). The proper time for Boschee to dispute Phase I discovery was before she moved for class certification and, thus, before the string of delays in this suit began. In other words, some of Boschee's demands are roughly two years overdue.

While there is a Local Rules exception for deviating from a scheduling order in "extraordinary circumstances," the Court believes that exception is not met here. See D. Minn. LR 16.3(c). The extraordinary interlocutory appeal, stay of discovery, and remand of this case all occurred

after these discovery demands should have been made. Thus, Boschee's Motion to Compel the First Set of Document Requests 1, 2, 17 is denied.

**4. First Set of Document Requests 7, 8, 9, 15**

Burnet represents that it has produced responsive documents pursuant to Boschee's First Set of Document Requests numbered 7, 8, 9, and 15 and produced supplemental responses to the requests. The documents sought contain financial information about Burnet that may be used in calculating damages. Thus, this information is relevant beyond Phase I discovery. Nevertheless, the Court must accept Burnet's representation that it has fully produced all discoverable materials in response to the document requests as there is no evidence to the contrary. See Onwuka, 178 F.R.D. at 514 n.2. However, such discovery must be produced to the extent it has not already been provided. Boschee's Motion to Compel with respect to Document Requests 7, 8, 9, and 15 (First Set) is granted to the extent such documents have not already been produced.

**5. First Set of Document Requests 11**

In response to Boschee's Document Request numbered 11 (First Set), Burnet objected that the request was "premature unless and until a class is certified in this action." (Def.'s Resp. Pl.'s First Set Reqs. Produc. Docs. at 12). Since there remains a certified class suing under state law theories in this suit, Burnet must produce Document Request 11, and Boschee's Motion to Compel with respect to Document Request 11 (First Set) is hereby granted.

### 6. First Set of Document Requests 12

Burnet responded to Boschee's First Set of Document Requests numbered 12 by claiming, inter alia, that such documents were privileged. (Def.'s Resp. Pl.'s First Set Reqs. Produc. Docs. at 12). However, it appears that no privilege log has been produced as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. The Court reminds Burnet of its ongoing duty to supplement the record under Federal Rule of Civil Procedure 26(e), and grants Boschee's Motion to Compel with respect to Document Request 12 (First Set). Burnet must produce a detailed privilege log in order to stand on its objection. See Fed. R. Civ. P. 26(b)(5).

### 7. First Set Document of Requests 16 & Second Set of Document Requests 11

While Boschee included Document Request 16 (First Set) in her Motion, she provided the Court with no argument or explanation as to why the response should be compelled. Burnet asserts that Document Request 16 is not the subject of this motion. Boschee's motion is denied with respect to Document Request 16 (First Set).

Burnet answered Document Request 11 of the Second Set by incorporating by reference Document Request 16 of the First Set. Burnet now claims that Document Request 11 (Second Set) is irrelevant. The request is for "any insurance policy Defendant has which affords coverage for errors and omissions committed by Defendant in ths scope of its business operations . . ." (Pl.'s Second Set Req. Produc. Doc. 11). Federal Rule of Civil Procedure

26(a)(1)(D) explicitly requires Burnet to produce applicable insurance agreements. Insurance policies are relevant for purposes of damages and must be disclosed even when not requested. See Fed. R. Civ. P. 26(a)(1)(D). Thus, Boschee's Motion to Compel is granted with respect to Document Request 11 (Second Set).

**8. Second Set of Document Requests 8, 13**

Burnet claims that it does not have documents responsive to Boschee's requests numbered 8 and 13 (Second Set). Those requests pertain to financial records showing how much Burnet paid to cover financial losses due to late pay-off deliveries. Burnet asserts that it does not have documents responsive to Boschee's request because Burnet did not keep precisely such records. Again, this Court must accept Burnet's representation that it has no additional responsive documents. See Onwuka, 178 F.R.D. at 514 n.2. However, as the materials sought are relevant to the litigation, the Court grants Boschee's Motion to Compel with respect to Document Requests 8 and 13 (Second Set) insofar as such documents exist that are responsive.

**C. Burnet's Claim for Attorneys' Fees**

Burnet claims that an award of attorneys' fees is appropriate since aspects of Boschee's motion are time-barred. Federal Rule of Civil Procedure 16(f) allows a court to assess attorneys' fees to a party or that party's attorney if an attorney fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f).

However, because of the procedural morass this case has become, the Court believes it was reasonable for Boschee to believe extraordinary circumstances existed that justified past due discovery. See D. Minn. LR 16.3(c). Thus, an award of expenses would be unjust. See Fed. R. Civ. P. 16(f). Burnet's request for attorneys' fees is denied.

**D. Boschee's Oral Request for a Special Master**

At the pretrial motions hearing Boschee requested appointment of a Special Master to the case, costs to be shared among the parties. Burnet expressed opposition to the proposal. If Boschee wishes to pursue the matter, she must file a properly supported motion, giving Burnet the full opportunity to oppose the motion. Boschee's oral request for a Special Master is denied without prejudice.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant Burnet Title Co.'s Motion for a Protective Order (Doc. No. 84) is **DENIED**.

(2) Plaintiff Boschee's Motion to Compel Outstanding Discovery (Doc. No. 91) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully above.

Dated: September 22, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge